# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

---

Filed January 2, 1901.

---

### Memorandum.

STOCKBRIDGE, J.—

The widespread interest which has been shown in connection with the application for the appointment of a co-receiver in this case, and the extent of the interests involved, both as regards the number of persons who may be affected and the amounts concerned, render it proper that a brief memorandum should be filed, of the reasons which have influenced the Court in the action taken by the order signed this day.

If the Old Town Bank is to resume business the duties which will devolve upon a third receiver are in one sense very slight, inasmuch as the receivers already appointed are entirely competent to deal with the purely business propositions which may arise, though for the consummation of such a result there may, and in all probability will, be important legal agreements and engagements to be prepared, which it is no less the duty of the Court to require, than it is to the interest of all concerned, should be done in the ablest possible manner. If on the other hand the bank shall be found unable to resume business, at the conclusion of the examination now in progress, it will be the duty of the Court to see that its affairs are closed up in as expeditious a manner as possible looking to a minimum sacrifice of the assets, of the wasting of them in expenses of administration and litigation. That litigation must ensue in case the business of the bank has to be liquidated is inevitable, as appears from some of the petitions already filed. It is therefore clearly to the interest of the depositors that the co-receiver now to be appointed should be a lawyer of both ability and experience. But in making such a selection it is done with the distinct notice that in case the bank shall resume business, the receivers will not be allowed a commission on the assets of the bank, but such fixed sum, to be determined by the Court, as shall be a fair and unreasonable compensation for the labor actually performed, and necessarily performed. Should, however, the bank not be able to resume, the co-receiver now appointed will be expected by the Court to look to his commissions as receiver, for his compensation for the trial of the cases which will arise and the attention given to the legal work incident to his position, and no counsel fees will be allowed in addition to such commission, unless complications should arise greater than the Court now conceives to be possible.

The co-receiver now to be appointed, it is the desire of the Court, should represent especially the interests of those who are depositors in the bank, and it has already been indicated upon what lines such service will be most efficiently rendered to those depositors.

An examination of the recommendations filed upon the part of the depositors indicates clearly that with regard to some of them at least, the recommendations are not the spontaneous expressions of the depositors themselves, but have been procured as the result of active canvassing and solicitation by some one in behalf of the gentlemen recommended. The selection of a receiver upon or as the result of

recommendations so procured would prove demoralizing both to the creditors and to the legal profession, and it is to be regretted that the recommendations in favor of several of the gentlemen suggested bear upon their face the evidence of having been secured in this manner. I do not say that they were so procured by the gentlemen themselves, or with their knowledge, but they have been procured by some one interested for some reason in the selection of the particular individual; and entertaining the views above stated as to the effect of such procurement, no selection will be made from among those recommended, the recommendations of whom appear to have been thus obtained.

Feeling that the requirements for a co-receiver should be as above outlined, and subject to the conditions as to compensation above mentioned, I deem that the interests of the depositors, and all of the depositors, will be best subserved by the selection of Mr. Edgar H. Gans as the co-receiver in this case.